# Fourth Court of Appeals
## San Antonio, Texas


September 21, 2021

No. 04-21-00240-CV

**INTEREST OF C.H., J.H., E.H., I.B.H., AND I.A.H.,**

From the 112th Judicial District Court, Sutton County, Texas
Trial Court No. CV06287
Honorable Pedro (Pete) Gomez Jr., Judge Presiding

# O R D E R

This is an accelerated appeal from the trial court's final order terminating Appellant R.H.'s parental rights. After Appellant R.H.'s court-appointed appellate counsel filed a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), we struck the brief because it did not contain any citations to the reporter's record, did not recite or discuss any of the evidence presented at trial; and it did not contain any legal analysis. *See* TEX. R. APP. P. 38.1. We explained that the brief did not contain a professional evaluation of the record and did not demonstrate there are no arguable grounds for appeal. *See In re N.F.M.*, 582 S.W.3d 539, 542 (Tex. App.—San Antonio 2018), *disp. on merits*, 2019 WL 1049247 (Tex. App.—San Antonio Mar. 6, 2019, pet. denied). We thus ordered Appellant R.H.'s brief redrawn and ordered Appellant R.H.'s appointed counsel, Joe Hernandez, to file the new brief by September 3, 2021. Joe Hernandez has not filed any such brief.

Therefore, we abate this cause to the trial court and ORDER the trial court to conduct a hearing on or before **October 6, 2021** to answer the following questions:

(1) Does Appellant R.H. desire to prosecute her appeal?

(2) Is Appellant R.H. indigent?

> (a) If Appellant R.H. is indigent, the trial court shall take such measures as may be necessary to assure the effective assistance of counsel, **which may include the appointment of new counsel.** *See* TEX. FAM. CODE ANN. § 107.013(a)(1) (giving indigent persons a right to counsel in parental-rights termination cases); *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003) (holding that this right to counsel includes the right to effective counsel).

(b) If the trial court finds that Appellant R.H. is not indigent, the trial court should determine whether appellant has made the necessary arrangements for filing a brief.

(3) Has appointed or retained counsel abandoned the appeal? **Because initiating contempt proceedings against Appellant R.H.'s counsel may be necessary**, the trial court should address this issue even if new counsel is retained or substituted before the date of the hearing.

The trial court may, in its discretion, receive evidence on the first two questions by sworn affidavit from appellant. The trial court shall, however, order Appellant R.H.'s counsel to be present at the hearing.

We further ORDER the trial court to file its written findings of fact and conclusions of law, along with recommendations addressing the above-enumerated questions, with the trial court clerk no later **October 11, 2021**. We ORDER the trial court clerk to file a supplemental clerk's record in this court no later than ten days after the trial court files its findings of facts and conclusions of law. We ORDER the court reporter to file in this court a supplemental reporter's record of the hearing, along with copies of any documentary evidence admitted, no later than fifteen days after the date of the hearing.

All appellate deadlines are ABATED pending further orders from this court.

Liza A. Rodriguez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 21st day of September, 2021.

MICHAEL A. CRUZ, Clerk of Court